UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
**NICHOLAS PACCIANO**,                                           :
                                                                 :
                              Plaintiff,                         :
                                                                 :   **MEMORANDUM DECISION AND**
                                                                 :   **ORDER**
              – against –                                        :
                                                                 :   25-CV-02621 (AMD) (CHK)
                                                                 :
**CENTERLINE LOGISTICS CORP.**, *et al.*,                        :
                                                                 :
                                                                 :
                              Defendants.                        :
---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The plaintiff brought this action against Centerline Logistics Corporation ("Centerline"),

Harley Marine NY, Inc. ("HMNY"), and Harley Marine Special Leasing, LLC ("HMSL") under

the Jones Act, 46 U.S.C. § 30104, and the general maritime law of the United States.  (ECF No.

1.)  The plaintiff alleged that spinal injuries he sustained while working aboard the defendants'

tugboat were the result of the defendants' negligence, the vessel's unseaworthiness, and the

defendants' breach of their obligation to provide prompt medical treatment, maintenance and

cure.  (*Id.*)  On May 26, 2026, the Court granted the defendants' motion to compel arbitration

and stayed the action pending arbitration.  (ECF No. 21.)  Before the Court is the plaintiff's

motion for reconsideration.  (ECF No. 22.)  As explained below, the Court denies the motion.

## LEGAL STANDARD

A motion for reconsideration in the Eastern District of New York is governed by Local

Rule 6.3.  *See Butto v. Collecto Inc.*, 845 F. Supp. 2d 491, 494 (E.D.N.Y. 2012).  "The standard

for granting such a motion is strict."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.

1995).  A court will grant a reconsideration motion only if the moving party can point to "an

intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).  "[A] motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Castillo v. Altice USA, Inc.*, No. 23-CV-5040, 2023 WL 8650270, at *3 (S.D.N.Y. Dec. 14, 2023) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).  Whether to grant a motion for reconsideration is ultimately within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

## DISCUSSION

In seeking reconsideration, the plaintiff does not point to an intervening change in the law, cite new evidence, or identify the need to correct an injustice.  He simply repeats arguments he made in opposing the defendants' motion to compel arbitration.

First, the plaintiff argues that the parties chose New Jersey law to apply to this dispute, and under New Jersey law, the arbitration agreement he signed is unenforceable.  (ECF No. 22-1 at 6–9.)  The Court rejected this argument and held that federal common law applies.  (ECF No. 21 at 5–6.)  The agreement's heading — "NJ Binding Arbitration" — does not mean that the parties intended that New Jersey law was to govern this dispute, because the arbitration agreement does not include a choice-of-law provision.  (*See* ECF No. 13-4 at 3–4.)  The plaintiff also argues that the agreement should be viewed as a New Jersey agreement, because he was employed only by HMNY, which has a principal place of business in New Jersey.  (ECF No. 22-1 at 8.)  But that fact is immaterial, because the contract involves maritime services, and the events giving rise to this dispute occurred in Puerto Rico; this means that the dispute is not

"inherently local," and thus warrants the application of federal law.  (*See* ECF No. 21 at 5–6.)  *See also Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 22–23 (2004).

Second, the plaintiff argues that the Court should have concluded that the arbitration agreement was void because the Federal Arbitration Act's exclusion for seamen's employment contracts makes such agreements unenforceable.  (ECF No. 22-1 at 6, 9–13.)  The Court rejected this argument.  (ECF No. 21 at 6–7.)  To the extent the plaintiff means to distinguish the cases on which the Court relied, he cannot do so on a motion for reconsideration.

Finally, the plaintiff maintains that the Court was supposed to determine whether the arbitration agreement was valid "before referring [the] dispute to an arbitrator."  (ECF No. 22-1 at 13–14.)  In fact, the Court made that determination and concluded that the agreement was valid.  (ECF No. 21 at 8–11.)

In short, the plaintiff's motion for reconsideration is an attempt to get a "second bite at the apple."  *Analytical Survs.*, 684 F.3d at 52 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).  Accordingly, the motion is denied.

## CONCLUSION

For these reasons, the plaintiff's motion for rehearing and reconsideration is denied.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated:  Brooklyn, New York
       June 25, 2026

3